**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

SOURCEBOOKS, INC.,

        Plaintiff,

v.

                                  CIVIL ACTION NO. 1:11-CV-07738
                                  The Honorable Amy J. St. Eve

ANITA CLENNEY,

        Defendant and Third-Party Plaintiff,

v.

REED SMITH LLP and
DAVIS WRIGHT TREMAINE LLP,

        Third-Party Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF COMBINED MOTION TO STRIKE
AFFIRMATIVE DEFENSES AND DISMISS COUNTERCLAIMS**

**BACKGROUND**

This case arises out of a dispute over a publishing agreement ("Agreement") between

publisher Sourcebooks, Inc. ("Sourcebooks") and author Anita Clenney ("Clenney"). Clenney

alleges that her decision to disavow the Agreement, and not submit her third book for

publication, was justified because Sourcebooks included a few cross-promotions in the back

pages of the paperback edition of her first book even though the inclusion of such promotions is

widely accepted in the industry and even though the Agreement did not prohibit the same.

Sourcebooks brought this action to establish that the Agreement remains in full force and effect.

Clenney has answered and asserted a number of affirmative defenses and counterclaims. Several

of her affirmative defenses, and each of her counterclaims, are irreparably factually and legally

deficient and should be stricken (the affirmative defenses) and dismissed (the counterclaims) as a

matter of law.  With respect to the counterclaims, this motion addresses only the first two as the third is subject to a separate briefing schedule as set at the December 12, 2011 status hearing.

## LEGAL STANDARD

A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A Rule 12(f) motion to strike "is the appropriate remedy for the elimination of impertinent or redundant matter in any pleading and is the primary procedure for objecting to an insufficient defense." *Van Schouwen v. Connaught Corp.*, 782 F.Supp. 1240, 1245 (N.D. Ill. 1991).  A motion to strike will be granted "if the affirmative defenses are insufficient as a matter of law or present no questions of law or fact," *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citing *U.S. v. 416 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975)), but denied "if the insufficiency of the defense is not clearly apparent on the face of the pleadings, nor can reasonably be inferred from any state of facts in the pleadings." *416 Acres*, 514 F.2d at 631.  Several of Clenney's affirmative defenses are improperly pled and should be stricken.

Additionally, Clenney's first counterclaim is duplicative of Sourcebooks' declaratory judgment claim, and should be dismissed with prejudice.  Clenney's second counterclaim is a contrived and manufactured claim for an accounting – contrived because Clenney has refused to accept the very royalty checks that have been mailed to her, in what now appears to have been an effort to manufacture litigation should she be sued for dishonoring the Agreement.  Well-established law provides that parties may not manufacture claims, and that such claims should also be dismissed with prejudice.

## I.  **Clenney's Second, Third, Fifth and Seventh Affirmative Defenses Should Be Stricken**

Clenney's Second, Third, Fifth and Seventh Affirmative Defenses insufficiently are pled and do not allege facts sufficient to put Sourcebooks on notice of the basis for those defenses. Additionally, the Second Defense is improperly brought in an answer, and the Seventh Defense is overbroad.

### A.  **Second Defense**

Clenney's Second Defense (her first "defense" actually is her answer to the allegations of Sourcebooks' Complaint), which states that "[t]he complaint fails to state a claim upon which relief may be granted," should be stricken for two reasons.

*First*, claims of legal insufficiency are not a proper affirmative defense under Rule 8(c). This is because "a true affirmative defense raises matters outside the scope of plaintiff's prima facie case and such matter is not raised by a negative defense, but instead is properly raised through a Rule 12(b)(6) motion to dismiss." *Instituto Nacional de Comercializacion Agricola v. Continental Ill. Nat'l Bank & Trust Co.* 576 F. Supp. 986, 991 (N.D. Ill. 1983) (quoting 2A James Wm. Moore et al., Moore's Federal Practice ¶ 8.27[4]).

*Second*, even if the answer was the appropriate place to raise a "failure to state a claim" defense, the defense must fail in this case because Clenney simply recites the standard for dismissal under 12(b)(6). Courts are in agreement that such allegations fail on their face "because they are bare-bones conclusory allegations, simply naming legal theories without indicating how they are connected to the case at hand." *Renalds v. S.R.G. Restaurant Group*, 119 F.Supp.2d 800, 803 (N.D. Ill. 2000) (striking affirmative defense stating "Plaintiff's entire Complaint and each Count set forth therein fails to adequately state a claim for relief."). Allowing Clenney to maintain such a defense would allow her to  "abdicate the responsibility of

alleging the basic facts demonstrating [her] entitlement to relief." *Id*. at 803-804; *see also Flasza v. TNT Holland Motor Exp.*, *Inc.* 155 F.R.D. 612 (N.D. Ill. 1994) (striking similar affirmative defense for failing to notify defendant of "of any specific infirmities in his complaint").

### B. **Third Defense**

Clenney's Third Defense is a conclusory statement that "Sourcebooks' claim for relief is barred because Sourcebooks has unclean hands." While unclean hands is a recognized affirmative defense, to assert it Clenney must plead that Sourcebooks acted in a way that amounts to fraud, misconduct or bad faith. *Ocean Atlantic Woodward Corp. v. DRH Cambridge Homes, Inc.* No. 02 C 25223, 2003 WL 1720073, at *5 (N.D. Ill. Mar. 31, 2003). Clenney has, however, only pleaded the conclusory statement that the claims are "barred because Sourcebooks has unclean hands." This allegation "fails to provide the basic notice required by Rule 8(a)" and therefore this defense should be stricken. *Global Poly Inc. v. Fred's Inc*. No. 03 C 4561, 2004 WL 532844 (N.D. Ill. 2004) (striking conclusory allegation of unclean hands)

### C. **Fifth Defense**

Clenney's Fifth Defense states simply that "Sourcebooks' claims are barred by the doctrines of waiver and estoppel." Like Clenney's Third Defense, this affirmative defense fails. While waiver and estoppel may be appropriate affirmative defenses under Fed. R. Civ. P. 8(c), Clenney's Fifth Defense falls far short of putting Sourcebooks on notice of the facts supporting Clenney's defense. Waiver requires allegations of "voluntary, intentional relinquishment of a known right." *Ocean Atlantic,* 2003 WL 1720073, at *5, while estoppel requires assertions (1) that a party acted; (2) another party relied on those acts; and (3) the latter party thereby changed its position for the worse. *Global Poly*, 2004 WL 532844, at * 6. But again, Clenney's pleading consists simply of a conclusory statement, and Clenney's pleading fails to put Sourcebooks on

notice of the conduct. *Id.* at * 5-6 (dismissing conclusory affirmative defense of waivers and estoppel).

### D. **Seventh Defense**

Clenney's Seventh Defense is not as brief as the others discussed in this Motion, but it, too, should be stricken. The Seventh Defense states:

> Clenney incorporates by reference hereto any and all affirmative defenses generally recognized as applicable to actions of this type, including, but not limited to, the fellow-servant rule, contributory negligence, comparative negligence, assumption of risk, res judicata, collateral estoppel, those defenses set forth at Fed. R. Civ. P. 8(c), and any other affirmative defense known under existing law, rule, regulation, or statute, or which may become recognized in the future by courts or promulgated by rule or regulation or otherwise enacted into law.

Thus, the Seventh Defense is simply an attempt at a boilerplate, catch-all affirmative defense based on a litany of potential legal theories, applicable or not. Perhaps most telling is the inclusion of the obscure and completely inapplicable "fellow-worker doctrine" which prevents employees from suing their employer for injuries caused by fellow employees. This affirmative defense again contains no factual basis for any allegation as required by Rule 8(a). Additionally, the overbroad nature of this affirmative defense and its attempt to throw in everything but the "kitchen sink" is a valid basis for striking the defense. *See Visco Financial Services, Ltd. v. Siegel*, No. 08 C 4029, 2008 WL 4900530, at * 7 (N.D. Ill. Nov. 13, 2008) (striking affirmative defense which stated that defendant "alleges all other matters asserted above and in the [c]ounterclaim which consist of affirmative defenses" as insufficient because it was overbroad.).

## II. **Clenney's First Counterclaim should be Dismissed As a Mirror Image of Sourcebooks' Complaint.**

Clenney's First Counterclaim should be dismissed as it is simply the mirror image of the declaratory judgment action in Sourcebooks' Complaint. Sourcebooks' Complaint sought the following relief:

> To resolve this actual controversy, Plaintiff seeks a declaration and judgment that the Agreement between Sourcebooks and Ms. Clenney remains in full force and effect and, furthermore, that Ms. Clenney's failure to comply with the terms of that Agreement by delivering a complete manuscript for *Unleash the Highland Warrior* constitutes a breach of contract.

(Compl. ¶ 38).

Clenney's counterclaim seeks the following relief:

> To resolve this actual controversy, Clenney seeks a declaration that Sourcebooks has materially breached her contract by including advertisements for other Sourcebooks' authors' books in *Awaken the Highland Warrior* without obtaining her consent and without compensating her for those advertisements.

(Clenney's Answer and Counterclaim ¶ 67)

"Courts in this circuit have routinely dismissed counterclaims that merely restate the declaration sought by the plaintiff from the opposite perspective on the grounds that such pleadings are duplicative and merely complicated the pleadings." *Penn Mut. Life Ins. Co. v. GreatBanc Trust Co.* No. 09 C 6129, 2010 WL 2928054, at * 5 (N.D. Ill. July 21, 2010) (collecting cases). Here, the declaratory relief sought by Clenney would be mooted by resolution of Sourcebooks' declaratory judgment action. If Sourcebooks prevails on its declaratory judgment action, the Agreement will be deemed to not have been materially breached. To defeat Sourcebooks' action, Clenney necessarily would have to prove that Sourcebooks materially breached the Agreement.

Since Clenney does not bring an action for damages, a declaration that Sourcebooks *did* materially breach the Agreement will fully dispose of Clenney's first counterclaim. *See Penn*

*Mut.* (dismissing counterclaim that mirror plaintiff's allegations); *Lincoln Nat. Corp. v. Steadfast Ins. Co.*, No. 06-C-58, 2006 WL 1660591, at * 4 (N.D. Ind. Jun. 9, 2006) (same); *Amari v. Radio Spirits, Inc.*, 219 F.Supp.2d 942, 944 (N.D. Ill 2002) ("All of the issues in the declaratory judgment claim will be resolved by the substantive action, so the declaratory judgment serves no useful purpose.").

**III.    Clenney's Second Counterclaim, for an Accounting, Should Be Dismissed.**

Clenney's second counterclaim asks for an accounting of royalty payments owed to Clenney for the first two books published under the Agreement.  But, Clenney has refused to accept her royalty statements and payments.  Attached hereto as Exhibit A is a true and correct copy of Sourcebooks' October 20, 2011 cover letter which was sent to Clenney along with her royalty statements and check.  We have withheld the actual statements and check from this filing.  Attached hereto as Exhibit B is a true and correct copy of the FedEx receipt for delivery of the package, on which the delivery person wrote "refused" (noted with an arrow) because Clenney refused to accept the package.   So, having been provided with her royalty statements and check, and having refused to accept the package, Clenney has now filed a counterclaim against Sourcebooks for her refusal to accept what was sent to her.

Under well-established law, a contrived and manufactured claim, such as this, which is a complete waste of this Court's time and an abuse of the process, should readily be dismissed. First, a party cannot prevent a condition precedent to the performance of a contract from happening and then claim breach.  *See, e.g., Barrows v. Maco, Inc.*, 419 N.E.2d 634, 639 (Ill. App. Ct. 1981).  Second, a party cannot pursue a concocted claim.  *See, e.g., Taylor v. F.D.I.C.*, 132 F.3d 753, 766-68 (D.C. Cir. 1997) (a plaintiff lacks Article III standing to pursue a claim that was manufactured by her own, voluntary conduct).

## CONCLUSION

For the foregoing reasons, Sourcebooks respectfully asks that Clenney's Second, Third, Fifth, and Seventh Affirmative Defenses be stricken, and that Clenney's First and Second Counterclaims be dismissed.

Dated: December 13, 2011          SOURCEBOOKS, INC.

By:    /s/ Douglas A. Albritton
        One of its attorneys

Douglas Alan Albritton (ARDC 6228734)
Peter M. Stasiewicz (ARDC 6290832)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606-7507
Phone (312) 207-6550
Fax (312) 207-6400

Of Counsel:
Elizabeth McNamara
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, New York 10019
Phone (212) 603-6437
Fax (212) 489-8340

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he served the foregoing Sourcebooks' Memorandum of Law In Support of Combined Motion To Strike Certain of Defendants' Affirmative Defenses and Counterclaims by means of the Court's CM/ECF System, which causes a true and correct copy of the same to be served electronically on all CM/ECF registered counsel of record, on December 13, 2011.

/s/ Douglas A. Albritton
Douglas A. Albritton