## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**SOURCEBOOKS, INC.,**

     **Plaintiff,**

**v.**                            **CIVIL ACTION NO. 1:11-CV-07738**
                                            **The Honorable Amy J. St. Eve**

**ANITA CLENNEY,**

     **Defendant and Third-Party Plaintiff,**

**v.**

**REED SMITH LLP and**
**DAVIS WRIGHT TREMAINE LLP,**

     **Third-Party Defendants.**

## DEFENDANT'S RESPONSE IN OPPOSITION TO COMBINED MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DISMISS COUNTERCLAIMS

## INTRODUCTION

Plaintiff Sourcebooks, Inc. ("Sourcebooks") has moved the Court to strike several of the affirmative defenses asserted by Defendant Anita Clenney ("Clenney") in her answer and to dismiss Counts I and II of her counterclaim.

The Court should deny Sourcebooks' motion to strike as moot because Clenney has contemporaneously moved for leave to amend her answer to assert additional facts in support of her defenses.

The Court should deny Sourcebooks' motion to dismiss Counts I of Clenney's counterclaim, as her counterclaim is not simply the reverse of Sourcebooks'. Likewise, the Court should deny Sourcebooks' motion to dismiss Count II because Sourcebooks refuses to provide Clenney with her royalty payment and statements and therefore must account for her funds.

## ARGUMENT

**A.  Clenney's motion for leave to amend her answer moots Sourcebooks' motion to strike her affirmative defenses.**

Sourcebooks has moved to strike Clenney's second, third, fifth, and seventh affirmative defenses essentially because they are conclusory in nature and do not set forth adequate facts in support. Clenney disagrees that her affirmative defenses should be stricken, and notes that in the Seventh Circuit, generally, motions to strike are disfavored because of their potential for delay.[1]

The Seventh Circuit has also held, however, where the district court struck a party's affirmative defenses, that the party was not prejudiced because its defenses are pleadings, and therefore could be amended under Fed. R. Civ. P. 15(a).[2] Accordingly, Clenney has moved for leave to amend her answer under

---

[1]    *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975).

[2]    *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Rule 15 in order to elaborate on her affirmative defenses and their supporting facts. Consequently, Sourcebooks' objections to Clenney's affirmative defenses as asserted are moot, and the Court should deny its motion on that basis.

**B.**     **Clenney's counterclaim is not simply the reverse of Sourcebooks' and therefore should not be dismissed.**

To support its claim that Count I of Clenney's counterclaim should be dismissed because "it is simply the mirror image of the declaratory judgment action in Sourcebooks' Complaint …"[3] Sourcebooks compares one paragraph from its counterclaim with one paragraph from Count I of Clenney's counterclaim,[4] then argues that Clenney's declaratory judgment is simply the opposite of its own and therefore must be dismissed.

Sourcebooks relies too much on the similarity of the language between two paragraphs in the parties' counterclaims in seeking the dismissal of Clenney's counterclaim, however. There are differences between the actions that establish that Clenney's is not simply the reverse of Sourcebooks'. For example, Clenney's counterclaim discusses at length and provides examples of the publishing industry's "standard practice" regarding advertisements that

---

[3]     Memorandum of Law in Support of Combined Motion to Strike Affirmative Defenses and Dismiss Counterclaims [Document # 19] ("Memorandum") at 6.

[4]     *Id*.

Sourcebooks purports to follow but does not, and explains why Sourcebooks'

reliance on the "standard practice" is misplaced.

Additionally, while Sourcebooks has the burden of proof to support its

claim that it did not breach Clenney's contract, she has the burden in her own

declaratory judgment action of establishing that Sourcebooks' conduct was a

material breach of the contract. This difference reinforces further that her

counterclaim is not simply the reverse of Sourcebooks' action.

Finally, as Clenney could have brought Count I of her counterclaim as a

separate declaratory judgment action against Sourcebooks, she should be

permitted to maintain her claim against Sourcebooks.


**C.  Clenney's claim for an accounting is necessary and appropriate because Sourcebooks still has failed to pay her or account for any royalties.**

In support of its motion to dismiss Count II of Clenney's counterclaim,

Sourcebooks alleges that Clenney refused to accept her royalty statements and

payments, and attaches copies of its October 20, 2011 cover letter to Clenney

purportedly enclosing the royalty check statements, and the FedEx delivery

receipt reflecting that Clenney refused to accept the delivery.

Understandably, however, Sourcebooks does not draw the Court's

attention to language in the cover letter that explains and justifies Clenney's

refusal to accept the delivery: "In addition to your royalty statements and check,

**please find enclosed the $1,000 cashier check that your attorney Mr. Mehalic sent to Sourcebooks and said came from you."[5]**

Some background is helpful to demonstrate why Sourcebooks' motion to dismiss Count II should be denied. Consistent with Clenney's position that Sourcebooks had breached her contract by including advertisements in *Awaken the Highland Warrior* even though those advertisements had not been negotiated by the parties and were not authorized by the contract, she returned her $1,000 advance for the third book, *Unleash the Highland Warrior,* by having her counsel send Sourcebooks a cashier's check in that amount.[6] Sourcebooks then attempted to send the check back to Clenney's counsel.[7] As her counsel would not accept the check, Sourcebooks elected to send the check directly to Clenney.

Rather than send the check to Clenney separately, however, Sourcebooks chose to act less than forthrightly, and included the check with the royalty payment and statements that Clenney was due under the contract for *Awaken the Highland Warrior*. Clenney refused the FedEx delivery because she thought that it was the advance check, and not because, as Sourcebooks claims implausibly, she was refusing to accept her royalties check and statements. Sourcebooks' assertion

---

[5] Exhibit A to Memorandum [Document # 19-1] (emphasis added).

[6] September 20, 2011 letter from Jeffrey V. Mehalic to Todd Stocke, attached as Exhibit A.

[7] September 28, 2011 letter from Elizabeth A. McNamara to Jeffrey V. Mehalic, attached as Exhibit B.

5

that Clenney's allegedly "refus[ed] to accept what was sent to her[]"[8] is therefore inaccurate and misleading.

More importantly, however, Sourcebooks has yet to provide Clenney with her royalty check and statements, more than two months after filing this lawsuit. Despite its inexplicable refusal to pay Clenney and account for her royalties, Sourcebooks asserts in its motion that Clenney's claim for an accounting is a "contrived and manufactured claim," and "a complete waste of this Court's time and an abuse of the process," which should be dismissed.[9]

The merit in Clenney's claim for an accounting is clear. In order to force Clenney to accept the return of her advance for *Unleash the Highland Warrior* and thereby undermine her position that Sourcebooks had breached her contract, Sourcebooks included that check with her royalty check and statements, apparently hoping that Clenney would accept the delivery to receive the royalty check and statement to which she was entitled.

As of this point, then, two incontrovertible facts remain, the first of which requires the denial of Sourcebooks' motion to dismiss Count II: Clenney has yet to receive her royalty check and statements for *Awaken the Highland Warrior*, and

---

[8]     Memorandum at 7.

[9]     *Id*.

Sourcebooks retains the $1,000 advance for the third book, *Unleash the Highland Warrior*.

Clenney is entitled to an accounting of her royalty payments. Sourcebooks alleged in its complaint that *Awaken the Highland Warrior* has had gross receipts of more than $96,000.[10] Yet Clenney has received only $2,000 from Sourcebooks, consisting of a $1,000 advance and another $1,000 payment when the manuscript was accepted for publication.[11] Because Sourcebooks refuses to pay Clenney — undeniably, since filing suit, nothing has prevented Sourcebooks from sending Clenney's royalties check and statements to her or her counsel — she is entitled to an accounting of the monies received and disbursed by Sourcebooks from the sale of her first two books. Accordingly, the Court should deny Sourcebooks' motion to dismiss Count II of Clenney's counterclaim.

## CONCLUSION

The Court should deny as moot Sourcebooks' motion to strike certain of Clenney's affirmative defenses, as her motion for leave to amend her answer will enable her to elaborate on those defenses and provide additional facts in support thereof.

---

[10]     Document # 1 at ¶ 11.

[11]     Answer, Counterclaim, and Third-Party Complaint [Document # 11] at ¶ 11

Regarding Sourcebooks' motion to dismiss, Clenney's counterclaim differs in significant respects from Sourcebooks' and therefore the Court should deny the motion to dismiss Count I.

The Court should deny Sourcebooks' motion to dismiss Count II as Clenney is clearly entitled to an accounting of the amount that *Awaken the Highland Warrior* has earned — estimated by Sourcebooks on October 31, 2011 to be more than $96,000 — considering that she received no more as of this date than the fixed payments set by her contract. Sourcebooks' refusal to pay Clenney requires an accounting of monies received and disbursed.

**WHEREFORE**, Defendant Anita Clenney prays that this Honorable Court deny the combined motion to strike affirmative defenses and dismiss counterclaims filed by Plaintiff Sourcebooks, Inc.

**ANITA CLENNEY**
**By Counsel**

Adam M. Salzman
Adam M. Salzman (ARDC 6287280)
The Salzman Law Office
1111 South Boulevard
Oak Park, IL 60302
(708) 320-9888

Jeffrey V. Mehalic (Admitted *pro hac vice*)
Law Offices of Jeffrey V. Mehalic
2011 Quarrier Street
P. O. Box 11133
Charleston, WV 25339-1133
(304) 346-3462

*Counsel for Defendant Anita Clenney*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**SOURCEBOOKS, INC.,**

     **Plaintiff,**

**v.**                             **CIVIL ACTION NO. 1:11-CV-07738**
                                          **The Honorable Amy J. St. Eve**

**ANITA CLENNEY,**

     **Defendant and Third-Party Plaintiff,**

**v.**

**REED SMITH LLP and**
**DAVIS WRIGHT TREMAINE LLP,**

     **Third-Party Defendants.**

### <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey V. Mehalic, hereby certify that on the 6th day of January, 2012, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Douglas A. Albritton, Esquire
Peter M. Stasiewicz, Esquire
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507

/s/ Jeffrey V. Mehalic
Jeffrey V. Mehalic (Admitted *pro hac vice*)