IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

SOURCEBOOKS, INC.,

    Plaintiff,

v.                                 CIVIL ACTION NO. 1:11-CV-07738
                                   The Honorable Amy J. St. Eve

ANITA CLENNEY,

    Defendant and Third-Party Plaintiff,

v.

REED SMITH LLP and
DAVIS WRIGHT TREMAINE LLP,

    Third-Party Defendants.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE
TO AMEND ANSWER**

**FACTS**

On November 22, 2011, Defendant Anita Clenney ("Clenney") filed her answer in response to the complaint filed by Plaintiff Sourcebooks, Inc. ("Sourcebooks") on October 31, 2011. As part of her answer, Clenney asserted several affirmative defenses, including the following:

## SECOND DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Sourcebooks' claim for relief is barred because Sourcebooks has unclean hands.

\*\*\*

## FIFTH DEFENSE

Sourcebooks' claims are barred by the doctrines of waiver and estoppel.

\*\*\*

## SEVENTH DEFENSE

Clenney incorporates by reference hereto any and all affirmative defenses generally recognized as applicable to actions of this type, including, but not limited to, the fellow-servant rule, contributory negligence, comparative negligence, assumption of risk, res judicata, collateral estoppel, those defenses set forth at Fed. R. Civ. P. 8(c), and any other affirmative defense known under existing law, rule, regulation, or statute, or which may become recognized in the future by courts or promulgated by rule or regulation or otherwise enacted into law.[1]

On December 13, 2011, Sourcebooks filed its combined motion to strike some of Clenney's affirmative defenses and dismiss her counterclaims.[2] In

---

[1] Document # 11 at 7-8.

[2] Document # 19.

support of its motion to strike, Sourcebooks alleged that Clenney's second, third, fifth, and seventh affirmative defenses were pled insufficiently and did not allege facts sufficient to put Sourcebooks on notice of the basis for those defenses.[3] Sourcebooks also alleged that the second defense was improperly alleged in an answer (as opposed to a separate motion) and that the seventh defense was overbroad.[4]

In order to remove any doubt about the basis for her affirmative defenses and the adequacy of the facts supporting them, Clenney seeks leave from the Court to amend her answer, specifically her affirmative defenses, and thereby moot Sourcebooks' motion to strike.

## STANDARD OF REVIEW

Fed. R. Civ. P. 15(a)(2) provides that, for amendments other than those made under Rule 15(a)(1), "a party may amend its pleading with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The Seventh Circuit, in *Heller Financial, Inc. v. Midwhey Powder Co.*[5], noted the absence of any prejudice inuring to the party whose affirmative defenses had

---

[3] *Id*. at 3-5.

[4] *Id*. at 3.

[5] 883 F.2d 1286 (7th Cir. 1989)

3

been stricken, because "[d]efenses are pleadings, and as such, leave to amend is freely granted as justice requires."[6]

More recently, the Seventh Circuit has affirmed that, "leave to amend shall be freely given 'when justice so requires,'"[7] but has identified circumstances when a district court may deny such a motion, such as if there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party by allowing the amendment, or futility of the amendment.[8]

## ARGUMENT

**Clenney's motion is consistent with Rule 15's requirements, and is not filed for any improper purpose.**

Here, none of the reasons cited by the Court of Appeals in *Sound of Music* as supporting the denial of a motion for leave to amend applies. First, there is no undue delay, as Clenney files this motion contemporaneously with her response to Sourcebooks' motion to strike. Second, there is no bad faith on Clenney's part, as she seeks leave to amend her answer to correct deficiencies with certain affirmative defenses that have been alleged by Sourcebooks.

---

[6]     *Id.* at 1294.

[7]     *Sound of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910, 922-23 (7th Cir.) (quoting *Park v. City of Chi.*, 297 F.3d 606, 612 ((7th Cir. 2002)).

[8]     *Id.*

4

Third, Clenney does not seek to delay the proceedings through this motion. Fourth, there is no prejudice to Sourcebooks if the Court allows the amendment, as Sourcebooks is already on notice of the substance of Clenney's defenses. Finally, the proposed amended answer is not futile as its responds to and corrects deficiencies in some of Clenney's affirmative defenses that have been alleged by Sourcebooks in its motion.

## CONCLUSION

As explained above, Clenney's motion is timely, necessary, and appropriate. Accordingly, the Court should grant the motion, consistent with the spirit and letter of Rule 15 and Seventh Circuit precedent.

**WHEREFORE**, Defendant Anita Clenney prays that this Honorable Court grant her motion for leave to amend her answer, and grant any other relief the Court deems just and proper.

**ANITA CLENNEY**
**By Counsel**

<u>Adam M. Salzman</u>
Adam M. Salzman (ARDC 6287280)
The Salzman Law Office
1111 South Boulevard
Oak Park, IL 60302
(708) 320-9888

Jeffrey V. Mehalic (Admitted *pro hac vice*)
Law Offices of Jeffrey V. Mehalic
2011 Quarrier Street
P. O. Box 11133
Charleston, WV 25339-1133
(304) 346-3462

*Counsel for Defendant Anita Clenney*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

SOURCEBOOKS, INC.,

    Plaintiff,

v.                                 CIVIL ACTION NO. 1:11-CV-07738
                                       The Honorable Amy J. St. Eve

ANITA CLENNEY,

    Defendant and Third-Party Plaintiff,

v.

REED SMITH LLP and
DAVIS WRIGHT TREMAINE LLP,

    Third-Party Defendants.

## CERTIFICATE OF SERVICE

    I, Jeffrey V. Mehalic, hereby certify that on the 6th day of January, 2012, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Douglas A. Albritton, Esquire
Peter M. Stasiewicz, Esquire
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507

                                           /s/ Jeffrey V. Mehalic
                                           Jeffrey V. Mehalic (Admitted *pro hac vice*)