IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

SOURCEBOOKS, INC.,

    Plaintiff,

v.                                        CIVIL ACTION NO. 1:11-CV-07738
                                            The Honorable Amy J. St. Eve

ANITA CLENNEY,

   Defendant and Third-Party Plaintiff,

v.

REED SMITH LLP and
DAVIS WRIGHT TREMAINE LLP,

    Third-Party Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
COUNT III OF DEFENDANT'S COUNTERCLAIMS
<u>AND DEFENDANT'S THIRD-PARTY COMPLAINT</u>**

**BACKGROUND**

This case arises out of a dispute over a publishing agreement ("Agreement") between publisher Sourcebooks, Inc. ("Sourcebooks") and author Anita Clenney ("Clenney"). When the undersigned counsel for Sourcebooks filed the Complaint on October 31, 2011, it attached the Agreement as Exhibit A, and the last page thereof included Plaintiff's social security number. A telephone number also was set forth therein, but there is no rule or statute requiring redaction of that information. Sourcebooks obviously had nothing to do with this, and neither did the Davis Wright Tremaine LLP ("Davis Wright") law firm.

When counsel noticed this error the next day, he immediately caused to be contacted the Court's chambers in the morning of November 1, 2011 and Exhibit A was sealed. The exhibit had been on the CM/ECF system for less than 24 hours. Unbeknownst to counsel (or

Chambers), the District Court Clerk's Office (contrary to the seal this Court had placed) had posted a copy of the Complaint and unredacted Exhibit A on a link from the Northern District's website that provided access to recently filed complaints. Undersigned counsel was not aware that the Clerk's Office maintained such a link.

The first undersigned counsel heard of this link was from Clenney's counsel, when he sent, not a phone call, but rather a three-page letter dated November 18, 2011 noting this fact. The letter recounts that Clenney's counsel waited at least one day, and perhaps longer, before contacting undersigned counsel to flag this issue. Upon receiving this letter, undersigned counsel immediately left a voicemail with Clenney's counsel inquiring into where the link could be located, and received in return an email referencing the Clerk's link. Undersigned counsel again promptly contacted this Court's chambers and thereafter the District Court's Clerk's link was removed. Then, undersigned counsel left another unreturned voice mail with Clenney's counsel requesting a telephone conference to discuss this issue and potential steps that could be taken to address the same.

Since then, undersigned counsel has searched or caused to be searched various resources including the LEXIS and WESTLAW docket and filing services, along with general internet searches (utilizing browsers such as Google and Yahoo!), and has been unable to locate a copy of the unredacted exhibit anywhere. Undersigned counsel also has asked Clenney's counsel to let him know of any instances of the use or attempted use of the social security number, and as recently as the December 19th in-chambers counsel meeting with Magistrate Judge Cox to schedule a settlement conference, Clenney's counsel noted to Magistrate Judge Cox that there have been no such uses. Since then, Clenney's counsel has not apprised undersigned counsel of any such uses.

Nonetheless, Defendant has claimed that "an analysis of the link posted on the Northern District of Illinois' website reflects that the original complaint, including the unredacted contract with [Defendant's] Social Security number . . . has been downloaded" in various countries. *See* Third-Party Compl. ¶ 21. But, as this Court inquired at the initial status conference, no person can glean such information based upon the fact of the link alone. We are aware of no basis for that allegation to have been made without a request to the Clerk's office for information about the internet protocol ("IP") addresses that clicked on the original link. The only entity with that information is the Clerk's office.

Based upon these circumstances, Defendant has now alleged:

(a) A claim against Sourcebooks entitled "Breach of Confidentiality" (Counterclaim ¶¶ 74-91), which does not allege the elements of any specific cause of action; and

(b) third-party claims against Reed Smith LLP and Davis Wright Tremaine LLP also entitled "Breach of Confidentiality" which, again, do not allege the elements of any specific cause of action.

While unfortunate that the social security number initially and inadvertently was not redacted, the fact is that Reed Smith promptly contacted the Court to seal the exhibit. No copies of that exhibit have been located anywhere else, and there have been no uses of the social security number. Simply put, Defendant has not and cannot allege any cognizable damages.

There do not appear to be any prior decisions in which claims have been made, let alone permitted to stand, against a client for such an issue. Here, there simply was an inadvertent filing that counsel addressed the next day by working with the Court to seal the exhibit. There is, however, absolutely no basis to assert claims against the client, Sourcebooks, or third-party defendant the Davis Wright law firm. As set forth below, there also is no legal basis for a claim against Reed Smith because Defendant has not alleged a proper cause of action, and even if she had, she has not and cannot plead actionable damages. Accordingly, Count III of Defendant's

Counterclaims, and Defendant's Third-Party Complaint against Davis Wright and Reed Smith, should be dismissed with prejudice.

## ARGUMENT

I. **The Court Should Dismiss The Counterclaim Against Sourcebooks**

While Defendant makes the unsubstantiated allegation that Sourcebooks "attached its contract with Clenney to the complaint as an exhibit" *see* Counterclaim ¶¶ 47-61, Sourcebooks, of course, had nothing to do with the procedure of filing the Complaint and attached exhibit because it does not have CM/ECF access. Undersigned counsel oversaw the filing. We could find no law providing that a client is responsible for an inadvertent disclosure of the nature described herein. To the contrary, in circumstances such as this, no claims have been alleged against clients. *See, e.g., Martin v. AT&T Wireless Corp.*, No. 2:07-CV-01127, 2007 WL 3010561 (E.D. Cal. Oct. 15, 2007) (noting inadvertent mistake of counsel and lack of basis for claim against both the defendants and counsel); *see also Hanks v. Shinseki*, No. 3:08-1594, 2010 WL 3000835, at * 4 (N.D. Tex. July 28, 2010) (inadvertent, unredacted filing resulted in direction to counsel regarding Rule 5.2(a)).

II. **The Court Should Dismiss The Third-Party Complaint Against Davis Wright**

The Davis Wright firm also had nothing to do with the filing of the unredacted Agreement. While it is listed as "Of Counsel" in the case, it did not take part in the procedure of compiling the exhibits and electronically filing the Complaint (and prior to the filing in connection with this motion, it has not appeared in the case). Accordingly, there also is no basis for a claim for filing an unredacted exhibit against Davis Wright and the Third-Party complaint against it should be dismissed.

**III.     The Court Should Dismiss The Third-Party Complaint Against Reed Smith**

    A.     <u>There Is No Basis For A Claim Against Reed Smith</u>

Defendant alleges a third-party claim entitled "Breach of Confidentiality" which variously refers to the Illinois Consumer Fraud and Deceptive Business Practices Act (¶ 78 of Counterclaims), the Illinois Personal Information Act (*id.* ¶ 79), and Rule 5.2 of the Federal Rules of Civil Procedure (*id.* ¶ 81). However, none of the elements of those claims specifically are alleged and, in any event, no cause of action lies under those references because Defendant has not and cannot claim any damages.

        **a.     The Illinois Consumer Fraud Act**

The Illinois Consumer Fraud Act requires as elements: (1) an unfair or deceptive act or practice, (2) intent that the other party rely on the practice, (3) that the practice occur in the course of conduct involving trade or commerce, (4) that the practice proximately cause damage, and (5) that the other party suffer actual damage. *See, e.g., Galan v. Northwestern Mem. Hosp.*, 888 N.E.2d 529, 535 (Ill. App. Ct. 2008) (dismissing claim); *see also Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010). Defendant does not attempt to plead such elements. A separate section of this act provides that a person may not "intentionally communicate or otherwise make available to the general public" a person's social security number. 815 ILCS 505/2RR(a)(1).

Defendant does not allege that the inadvertent disclosure was intentional. Although not specifically alleged, Defendant must be asserting that her information was "otherwise made available to the general public." While no Illinois decision interprets the Illinois Consumer Fraud Act in the instant context of a federal court filing, cases from other courts involving a similar statute have held that the inadvertent court filing of a document containing a social security number (which document was then sealed) does not state a claim because, among other

reasons, the filing is not available to the general public, there is no intent, and the possibility of later use is not a recoverable damage. *See, e.g., Finnerty v. State Bank & Trust Co.*, 687 S.E.2d 842 (Ga. Ct. App. 2010) (dismissing such a claim and also federal HIPPA claim).

Moreover, Illinois courts specifically have held that alleged damages due to increased risk of identity theft subsequent to an inadvertent disclosure (other than a court filing) are not actionable under the Consumer Fraud Act. *See, e.g., In re Michaels Stores Pin Pad Litigation*, --- F.Supp.2d ---, No. 11 C 3350, 2011 WL 5878373, at * 6 (N.D. Ill. Nov. 23, 2011) ("under the ICFA, a plaintiff does not suffer actual damage simply because of the increased risk of future identity theft or because the plaintiff purchased credit monitoring services"). Similarly, other courts addressing data theft allegations have held that future damage allegations such as those made here either did not establish Article III standing or did not establish actionable harm. *See, e.g., Hammond v. BNY Mellon*, No. 08 Civ. 6060, 2010 WL 2643307 (S.D.N.Y. June 25, 2010) (collecting cases, dismissing complaint). Finally, as a matter of pleading, the Third-Party Complaint fails to allege that the matters discussed herein involved trade or commerce, that the matters at issue implicate consumer concerns (see, e.g., *MacNeil Automotive Prods., Ltd. v. Cannon Automotive Ltd.*, 715 F.Supp.2d 786, 793 (N.D. Ill. 2010) (dismissing claim)), or that the actions constituted intentional communications to the general public.

      **b.**    **The Illinois Personal Information Act**

There is no private right of action under the Personal Information Act, 815 ILCS § 530 *et seq.*, and instead any such claim would lie only under the Consumer Fraud Act. *See Best v. Malec*, No. 09 C 7749, 2010 WL 2364412, at * 7 (N.D. Ill. June 11, 2010). Accordingly, there is no claim under this act for the same reasons no Consumer Fraud Act Claim may be stated. Otherwise, while there is a dearth of case law interpreting this separate provision, the statue

refers to "data collectors" (815 ILCS 530/5), and then notice of disclosures by such data collectors (815 ILCS 530/10), and the Third-Party Complaint fails to allege that Reed Smith is a "data collector" and does not provide any further allegations that this statute applies to the facts alleged.

        c.        **Fed.R.Civ.Proc. 5.2(a)**

An alleged violation of Rule 5.2(a) does not give rise to a cause of action. *See, e.g., Dunbar v. O'Neill*, No. 8:10-2510, 2010 WL 5158534, at * 2 (D.S.C. Nov. 23, 2010) (dismissing claim based upon rule). Here, there was an inadvertent filing that was addressed less than 24 hours after it occurred. There certainly was no effort to use the social security number for any improper purpose, or to pressure Defendant with the number in any manner. Under the facts presented, undersigned counsel respectfully submits that there is no basis to find any misconduct despite the inflammatory allegations made. *See, e.g., Martin*, 2007 WL 3010561, at * 2.

**CONCLUSION**

Accordingly, for the foregoing reasons, Defendant's Counterclaim Count III and Third-Party claims against Reed Smith and Davis Wright should be dismissed with prejudice.


Dated: January 11, 2012        By:    <u>/s/ Douglas A. Albritton</u>

        Douglas Alan Albritton (ARDC 6228734)
        REED SMITH LLP
        10 South Wacker Drive, 40th Floor
        Chicago, Illinois 60606-7507
        Phone (312) 207-6550
        Fax (312) 207-6400

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, hereby certifies that he served the foregoing Memorandum of Law in Support of Motion to Dismiss Defendant's Counterclaim Count III and Third-Party Claims by means of the Court's CM/ECF System, which causes a true and correct copy of the same to be served electronically on all CM/ECF registered counsel of record, on January 11, 2012.

                                   /s/ Douglas A. Albritton
                                   Douglas A. Albritton