## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**SOURCEBOOKS, INC.,**

      **Plaintiff,**

**v.**                                **CIVIL ACTION NO. 1:11-CV-07738**
                                              **The Honorable Amy J. St. Eve**

**ANITA CLENNEY,**

      **Defendant and Third-Party Plaintiff,**

**v.**

**REED SMITH LLP and**
**DAVIS WRIGHT TREMAINE LLP,**

      **Third-Party Defendants.**

## AMENDED ANSWER

Defendant Anita Clenney, by counsel, responds to Plaintiff Sourcebooks, Inc.'s complaint as follows:

## FIRST DEFENSE

1.      Defendant Anita Clenney ("Clenney") admits that she entered into a contract with Plaintiff Sourcebooks, Inc. ("Sourcebooks") for the publication of a three-book series of romance novels. She further admits that the first of the two books published by Sourcebooks has been

recognized as a best seller by *USA Today*.  Clenney denies the remainder of paragraph 1.

2.  Clenney admits that prior to delivery of the third book in the series, she, through her agent, informed Sourcebooks that it had breached her contract by failing to obtain Clenney's consent or to compensate Clenney prior to placing advertisements in Clenney's first book for other authors published by Sourcebooks. Clenney denies the remainder of paragraph 2.

3.  Clenney denies the allegations in paragraph 3.

4.  Paragraph 4 states a conclusion of law to which no response is required. Insofar as a response is required, however, Clenney denies the allegations in paragraph 4.

5.  Paragraph 5 states a conclusion of law to which no response is required. Insofar as a response is required, however, Clenney denies the allegations in paragraph 5.

6.  Paragraph 6 states a conclusion of law to which no response is required. Insofar as a response is required, however, Clenney denies the allegations in paragraph 6.

7.  Clenney admits the allegations contained in paragraph 7.

8.  Clenney admits the allegations contained in paragraph 8.

9.      Paragraph 9 characterizes a contract between the parties, which speaks for

itself.

10.     Clenney admits the allegations contained in paragraph 10.

11.     Clenney admits that she delivered the manuscripts for the first two books

in the series in accordance with her contract with Sourcebooks and that

the second book in the series was published on November 1, 2011.

Clenney is unable to admit or deny that gross receipts from sales of her

first book alone have been in excess of $96,000, as Sourcebooks has not

provided her with any royalty statement or other accounting for the

book's receipts and to date has paid her only $2,000, and therefore denies

the same.

12.     Clenney admits the allegations in paragraph 12.

13.     Clenney lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in paragraph 13 and therefore denies

the same.

14.     Paragraph 14 characterizes a provision in the parties' contract, which

speaks for itself. Clenney denies the remainder of the allegations in

paragraph 14.

15.     Clenney admits the allegations contained in paragraph 15.

16.     Clenney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 and therefore denies the same.

17.     Clenney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 and therefore denies the same.

18.     Clenney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 and therefore denies the same.

19.     Clenney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 and therefore denies the same.

20.     Clenney denies the allegations contained in paragraph 20.

21.     Clenney denies the allegations contained in paragraph 21.

22.     Clenney admits that on May 1, 2011, her agent emailed Dominique Raccah at Sourcebooks and asked how Sourcebooks intended to compensate Clenney for including advertisements in her book for other Sourcebooks' authors, which Sourcebooks had not mentioned during the contract negotiations and which was not addressed in Clenney's contract. Clenney denies the remainder of the allegations in paragraph 22.

23.     Clenney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 and therefore denies the same.

24.     Clenney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 and therefore denies the same.

25.     Paragraph 25 characterizes an email from Sourcebooks to Clenney's agent, which speaks for itself.

26.     Clenney lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 and therefore denies the same.

27.     Paragraph 27 characterizes an email from Clenney's agent to Sourcebooks, which speaks for itself. Clenney admits that her agent renewed her request that Sourcebooks compensate Clenney for the advertisements that Sourcebooks included in her book without her consent.

28.     Paragraph 28 characterizes a letter from Clenney's counsel to Sourcebooks, which speaks for itself. Clenney admits that with his letter, her counsel returned to Sourcebooks her advance for the third book in the series.

29.   Paragraph 29 characterizes a letter from Sourcebooks to Clenney's counsel, which speaks for itself. Clenney is unable to admit or deny the remaining allegations in paragraph 29 and therefore denies the same.

30.   Paragraph 30 characterizes a letter from Clenney's counsel to Sourcebooks, which speaks for itself. Clenney denies the remainder of the allegations contained in paragraph 30.

31.   Clenney denies the allegations contained in paragraph 31.

32.   Clenney denies the allegations contained in paragraph 32.

33.   Clenney incorporates by reference hereto paragraphs 1 through 32.

34.   Paragraph 34 states a conclusion of law to which no response is required.

35.   Clenney admits that Sourcebooks breached its contract with her by failing to obtain her consent or compensate her for advertisements for other authors published by Sourcebooks that Sourcebooks placed in her book and that she has informed Sourcebooks that her contract is no longer in effect.

36.   Paragraph 36 states a conclusion of law, to which no response is required. Insofar as a response is required, however, Clenney admits that Sourcebooks' position is that it was permitted to include in Clenney's book advertisements for other authors published by Sourcebooks and that in so doing, it did not breach its contract with Clenney.

37. Clenney denies the allegations contained in paragraph 37.

38. Paragraph 38 states a conclusion of law to which no response is required. Insofar as a response is required, however, Clenney denies the allegations contained in paragraph 38.

39. Paragraph 39 states a conclusion of law to which no response is required.

40. Clenney denies that Sourcebooks is entitled to any relief, including a declaration that the parties' contract remains in full force and effect and that her failure to comply with its terms by delivering a manuscript for the third book in the series constitutes a material breach, an award of attorney's fees and costs, and any other relief.

41. Clenney denies each and every allegation that is not expressly admitted herein.

**SECOND DEFENSE**

Sourcebooks' claim for relief is barred because Sourcebooks has unclean hands. Sourcebooks materially breached Clenney's contract by including in her book, *Awaken the Highland Warrior*, advertisements for other books published by Sourcebooks without obtaining Clenney's consent or agreeing to compensate her for the placement of the advertisements. Consequently, Sourcebooks' own intentional conduct has created the situation whereby Sourcebooks now seeks a declaration that

its actions were appropriate. Further, Sourcebooks has failed to pay Clenney her royalties and provide her with a royalties statement, even though Sourcebooks' contract with Clenney required Sourcebooks to pay her and provide the statement by October 31, 2011. Sourcebooks has not alleged that, for some reason, it is relieved of its obligation to pay Clenney what she is owed under the contract, and thus this separate breach of its own contract should deprive it of the right to seek any relief from the Court.

### THIRD DEFENSE

Any damages suffered by Sourcebooks were proximately caused by Sourcebooks' breach of its contract with Clenney.

### FOURTH DEFENSE

Sourcebooks' claims are barred by the doctrines of waiver and estoppel. Sourcebooks materially breached Clenney's contract by including in her book, *Awaken the Highland Warrior*, advertisements for other books published by Sourcebooks without obtaining Clenney's consent or agreeing to compensate her for the placement of the advertisements. Consequently, Sourcebooks' own intentional conduct has created the situation whereby Sourcebooks now seeks a declaration that its actions were appropriate, and should be deemed to waive and/or estop

Sourcebooks from seeking such relief. Further, Sourcebooks has failed to pay Clenney her royalties and provide her with a royalties statement, even though Sourcebooks' contract with Clenney required Sourcebooks to pay her and provide the statement by October 31, 2011. Sourcebooks has not alleged that, for some reason, it is relieved of its obligation to pay Clenney what she is owed under the contract, and thus this separate breach of its own contract should also act as a waiver of Sourcebooks' right to seek relief from the Court and/or estop Sourcebooks from seeking such relief in this action.

## FIFTH DEFENSE

Sourcebooks has failed to mitigate its damages, if any.

## SIXTH DEFENSE

Clenney incorporates by reference hereto any and all affirmative defenses generally recognized as applicable to actions of this type, including, but not limited to, contributory negligence, comparative negligence, assumption of risk, res judicata, collateral estoppel, those defenses set forth at Fed. R. Civ. P. 8(c), and any other affirmative defense known under existing law, rule, regulation, or statute, or which may become recognized in the future by courts or promulgated by rule or regulation or otherwise enacted into law.

**WHEREFORE**, having answered the complaint, Defendant Anita Clenney prays that this action be dismissed and that she be awarded her attorney's fees and costs.

### DEFENDANT ANITA CLENNEY DEMANDS A TRIAL BY JURY

**ANITA CLENNEY**
**By Counsel**

Adam M. Salzman
Adam M. Salzman (ARDC 6287280)
The Salzman Law Office
1111 South Boulevard
Oak Park, IL 60302
(708) 320-9888

Jeffrey V. Mehalic (Admitted *pro hac vice*)
Law Offices of Jeffrey V. Mehalic
2011 Quarrier Street
P. O. Box 11133
Charleston, WV 25339-1133
(304) 346-3462

*Counsel for Defendant Anita Clenney*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**SOURCEBOOKS, INC.,**

   **Plaintiff,**

**v.**          **CIVIL ACTION NO. 1:11-CV-07738**
             **The Honorable Amy J. St. Eve**

**ANITA CLENNEY,**

   **Defendant and Third-Party Plaintiff,**

**v.**

**REED SMITH LLP and
DAVIS WRIGHT TREMAINE LLP,**

   **Third-Party Defendants.**

## CERTIFICATE OF SERVICE

  I, Jeffrey V. Mehalic, hereby certify that on the 17th day of January, 2012, I

electronically filed the foregoing with the Clerk of this Court using the CM/ECF

system which will send notification of such filing to the following:

Douglas A. Albritton, Esquire     Elizabeth A. McNamara, Esquire
Peter M. Stasiewicz, Esquire      Davis Wright Tremaine LLP
Reed Smith LLP          1633 Broadway, 27th Floor
10 South Wacker Drive, 40th Floor   New York, NY 10019
Chicago, IL 60606-7507

           /s/ Jeffrey V. Mehalic
           Jeffrey V. Mehalic (Admitted *pro hac vice*)